829 F.2d 42
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Esau FOSTER, Petitioner,
v.
VETERANS ADMINISTRATION, Respondent.
 Appeal No. 87-3282
 United States Court of Appeals, Federal Circuit.
 Aug. 7, 1987.
 
 Before SMITH, NIES and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (MSPB or board), Docket No. PH075285C9014, denying Esau Foster's petition for enforcement of a settlement agreement pursuant to 5 U.S.C. Sec. 1205(a)(2) (1982) is affirmed.
 
 DISCUSSION
 
 2
 Foster alleges that the Veterans Administration (VA) has failed to comply with the terms of a settlement agreement which it entered into with him on September 11, 1985. He contends that the VA agreed: (1) to place him in a GS-12, sept 10, position in Wilkes Barre, Pennsylvania, effective July 7, 1985; (2) to remove all derogatory information surrounding the case from his official personnel folder; (3) to notify him of all vacancies for GM-13 personnel positions; and (4) to select him for a job vacancy in which he was interested if he applied, his performance rating was satisfactory, and he was on the selection certificate.
 
 
 3
 Foster's first and second contentions may be summarily rejected as they were not raised below in the enforcement now before this court. Lizut v. Department of the Army, 717 F.2d 1391, 1396 (Fed. Cir. 1983). We note also that these same contentions were rejected by the board in an earlier decision dated April 29, 1986 from which no appeal was taken. Foster v. Veterans Administration, No. PH075285CO596.
 
 
 4
 As to Foster's third and fourth contentions, we affirm on the basis of the board's opinion. The settlement agreement did not provide either explicitly or implicitly for an entitlement to automatic placement. There is a presumption that VA officials acted in good faith in selecting other candidates to fill the job vacancies for which Foster applied, and he has not provided any credible evidence to overcome that presumption. 'Unsubstantiated suspicions and allegations are not enough. The proof must be almost 'irrefragable." Spezzaferro v. Federal Aviation Administration, 807 F.2d 169, 173 (Fed. Cir. 1986).
 
 
 5
 We are satisfied that the board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c). Accordingly, we affirm.